467 F.2d 1184
 72-2 USTC P 9660
 ALL-STEEL EQUIPMENT, INC., Cross-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Cross-Appellant.
ALL-STEEL EQUIPMENT, INC., Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 Nos. 71-1664, 71-1665.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 15, 1972.
Decided Sept. 12, 1972.
 
 Arthur E. Bryan, Jr., James M. Roche, and Daniel C. Looney, Chicago, Ill., for All-Steel Equipment Inc.; McDermott, Will & Emery, Chicago, Ill., of counsel.
 Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Thomas L. Stapleton, Donald H. Olson, Attys., Tax Div., Dept. of Justice, Washington, D. C., for C. I. R.
 Before FAIRCHILD and CUMMINGS, Circuit Judges, and CAMPBELL,[1] District Judge.
 PER CURIAM.
 
 
 1
 Taxpayer was engaged in the metal fabricating business in Montgomery, Illinois, in 1962 and 1963, the taxable years in question. Its business consisted of manufacturing and selling metal office furniture. At least since 1928, it has determined inventory costs by including the costs of materials plus the cost of labor, but reflecting no manufacturing overhead. This method of costing inventory is the so-called "prime cost" method. The taxpayer and Commissioner joined issue on whether or not the Government was authorized to require taxpayer to change its method of inventory accounting. Secondarily they disputed the appropriateness of the full absorption method of costing inventories substituted by the Commissioner. Both the taxpayer and the Commissioner have appealed from the judgment of the Tax Court.
 
 
 2
 As to taxpayer's appeal, the Tax Court held that taxpayer's prime cost method of evaluating inventory was not an acceptable accounting practice[2] and did not clearly reflect income within the meaning of Section 471 of the Internal Revenue Code of 1954.[3] We agree with the reasoning of Judge Simpson and therefore adopt his opinion reported in 54 T.C. 1749 (1970) on this major point. As we recently held in Bangor Punta Operations, Inc. v. United States, 466 F.2d 930 (decided August 2, 1972), since the method used by taxpayer was unacceptable and since the taxpayer has not shown that the Commissioner's proposed full absorption method of costing was arbitrary or unreasonable, substitution of the full absorption method (apart from certain errors of the Commissioner corrected by the Tax Court) was appropriate here.
 
 
 3
 In the Government's appeal, the Commissioner contends that the Tax Court improperly permitted the portion of the repair expenses attributable to taxpayer's manufactured goods on hand at the end of its taxable year to be deducted currently rather than be included in the cost of the inventory. We agree with the Commissioner and therefore reverse that portion of the Tax Court's decision.
 
 
 4
 As the taxpayer acknowledges, the timing of repair deductions is governed by Section 461(a) of the Internal Revenue Code of 1954.[4] However, before the timing provision can even be considered, it is necessary to formulate the proper method of accounting under Section 471 (note 3 supra). Prime costing was not a permissible accounting method here; rather, indirect costs for repairs must be included in taxpayer's inventory computation. Although they are costs made deductible under Section 162 of the Code, Treasury Regulation Sec. 1.162-1(a) acknowledges that the timing of repair expense deductions is governed by Section 461, which is in turn dependent upon the method of accounting prescribed under Section 471. That regulation provides that: "No item * * * shall be included in business expenses * * * to the extent that it is used by the taxpayer in computing the cost of property used in its inventory."[5] Thus, absent special provision regarding timing as well as deductibility, ordinary and necessary business expenses such as for repairs (deductible under Section 162 of the Code) are not currently deductible when, as here, they must be used by the taxpayer in computing the cost of property included in its inventory.
 
 
 5
 The Tax Court seemingly overlooked the significance of Sections 461(a) and 471 and did not take Section 1.162-1(a) of the Regulations into account in holding that taxpayer could currently deduct all incidental repairs simply because a general provision of the Regulations provided for their deductibility.[6] The latter provision concededly permits deducting the cost of certain incidental repairs as a business expense but is silent on timing. In our opinion the timing of repair expense deductions is subject to Sections 461(a) and 471 of the Code (notes 3 and 4 supra) which here require that the cost of these repairs be deducted only in the taxable year in which the manufactured goods to which the repairs relate are sold. Cf. Lincoln Electric Co. v. Commissioner of Internal Revenue, 444 F.2d 491, 496-497 (6th Cir. 1971).
 
 
 6
 Accordingly, in No. 71-1665, involving the method of costing inventory, the decision of the Tax Court is affirmed, and in No. 71-1664, involving the current deductibility of repair expenses, the decision is reversed and remanded.
 
 
 
 [1]
 Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation
 
 
 [2]
 As noted by the Tax Court, when the question of the use of the prime cost method has come before the courts, its use has been disapproved
 
 
 [3]
 Section 471 provides:
 "Whenever in the opinion of the Secretary or his delegate the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer on such basis as the Secretary or his delegate may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income." (26 U.S.C. Sec. 471).
 
 
 [4]
 Section 461(a) provides:
 "General Rule.-The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income." (26 U.S.C. Sec. 461(a)).
 
 
 [5]
 Section 1.162-1(a) of the Treasury Regulations provides in part:
 "In general. Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except items which are used as the basis for a deduction or a credit under provisions of law other than section 162. The cost of goods purchased for resale, with proper adjustment for opening and closing inventories, is deducted from gross sales in computing gross income. See paragraph (a) of Sec. 1.61-3. Among the items included in business expenses are management expenses, commissions (but see section 263 and the regulations thereunder), labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or business, traveling expenses while away from home solely in the pursuit of a trade or business (see Sec. 1.162-2), advertising and other selling expenses, together with insurance premiums against fire, storm, theft, accident, or other similar losses in the case of a business, and rental for the use of business property. No such item shall be included in business expenses, however, to the extent that it is used by the taxpayer in computing the cost of property included in its inventory or used in determining the gain or loss basis of its plant, equipment, or other property. * * *" (26 C.F.R. Sec. 1.162-1(a)).
 
 
 [6]
 Section 1.162-4 of the Treasury Regulations provides in part:
 "The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense * * *." (26 C.F.R. Sec. 1.162-4).